IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.*, <br><br> KELLI WILLIAMS, <br><br>         Plaintiff-Relator <br><br> v. <br><br> THE SOUTHERN COMPANY, INC., SOUTHERN COMPANY SERVICES, INC., and MISSISSIPPI POWER COMPANY, <br><br>         Defendants. | Civil Action No. <br> 1:18-CV-0680-SCJ |

**RELATOR'S REPLY BRIEF IN SUPPORT OF
HER MOTION FOR CERTIFICATION OF
<u>AN IMMEDIATE APPEAL UNDER 28 USC § 1292(b)</u>**

Defendants' response does not undermine the strong reasons that exist for permitting interlocutory review in this case. The Eleventh Circuit has not squarely addressed the "original source" question Relator's case presents, and whether that court would adopt the standard the Tenth Circuit adopted in *United States ex rel. Reed v. KeyPoint Government Solutions*, 923 F.3d 729 (10th Cir. 2019), remains to be seen. Consideration of this legal question would not require a deep factual inquiry,

1

contrary to Defendants' assertion that it would, and adoption of the *Reed* standard would revive Relator's *qui tam* claims, meaning the proposed question controls. An appeal now also would not delay final resolution of this case—it could only bring about resolution sooner. Relator's motion thus should be granted.

### A. Because the Eleventh Circuit Has Neither Adopted Nor Rejected the *Reed* Standard, Substantial Ground for Difference of Opinion Remains

As this Court observed in its order dismissing Count I of Relator's Amended Complaint, the Tenth Circuit's analysis of the "original source" exception in *Reed v. KeyPoint Government Solutions* "expands the materiality consideration further than the Eleventh Circuit's materiality analysis and citation of authority in *Osheroff* and *Jacob*." Dkt. 66 at 39. Indeed, *Reed*, which involved an insider relator who revealed new aspects of a known fraudulent scheme, *see* 923 F.3d at 749 (noting the "same basic failings" were already public), appropriately goes deeper into the question than the Eleventh Circuit was required to do in *Osheroff* or *Jacob*.

The "original source" standard in *Reed*, which asks whether new information could have influenced a decisionmaker, does not contradict the Eleventh Circuit's approach. In fact, the Tenth Circuit in *Reed* analyzed *Osheroff*, highlighting the immateriality of the *Osheroff* relator's new information. *See* 923 F.3d at 762. In other words, the Tenth Circuit, by distinguishing *Osheroff*, recognized that *Osheroff* did not present the question the court faced in *Reed*.

2

In their response brief, Defendants rely heavily on *Jacobs v. JP Morgan Chase Bank*, decided after *Reed*, to argue that the law of the Eleventh Circuit is settled. But *Jacobs* does not stand for the categorical proposition that if a fraud can be inferred from public information, the original source exception can never apply. The standard *Jacobs* sets out should be considered in full:

> If the public disclosures are "already sufficient to give rise to an inference" of fraud, cumulative allegations do "not materially add to the public disclosures." *Osheroff*, 776 F.3d at 815 (citing *United States ex rel. Kraxberger v. Kan. City Power & Light Co.*, 756 F.3d 1075, 1079 (8th Cir. 2014)). "[B]ackground information [and details] that help[ ] one understand or contextualize a public disclosure is insufficient to grant original source status" under the FCA. *Id.* The original source doctrine "increase[s] private citizen involvement in exposing fraud" but "prevent[s] opportunistic suits by private persons who heard of fraud but played no part in exposing it." *Id.* at 815–16 (quoting *Cooper*, 19 F.3d at 565).

*United States ex rel. Jacobs v. JP Morgan Chase Bank, N.A.*, 113 F.4th 1294, 1303 (11th Cir. 2024). This context shows that "cumulative" evidence and "background information" will not suffice because if it did, "private persons who heard of fraud but played no part in exposing it" could serve as relators. This standard does not conflict with *Reed*, which involved non-cumulative evidence and an insider, which is also true in Relator's case. This case is distinguishable from *Jacobs* just as it is distinguishable from *Osheroff*.

3

If the Eleventh Circuit were to adopt the *Reed* standard, a faithful application of it in Relator's case would mean a different outcome, thus the proposed question is controlling. Although Defendants are correct that Relator respectfully disagrees with this Court's application of *Jacobs* and its interpretation of *Reed*, that disagreement does not change that whether the *Reed* standard is correct is an open question in the Eleventh Circuit. Relator's case will present that question on appeal, either now or in the future.

### B. The Eleventh Circuit Will Not Be Asked To Conduct a Fact-Intensive Inquiry

To decide whether the *Reed* standard applies and then apply it to Relator's case, the Eleventh Circuit would not need to undertake an intensive factual review. Although Defendants put dozens of exhibits into the record, there is no dispute that numerous allegations in Relator's Amended Complaint do not appear in any of those materials. The Eleventh Circuit, should it adopt the *Reed* standard, would then merely have to decide whether Relator's indisputably new allegations—when construed in her favor with all reasonable inferences granted to her—"materially add" to what was already public.

### C. An Appeal Now Will Not Delay the Ultimate Resolution of this Case

Defendants contend that an appeal now will stand in the way of this case proceeding and will delay its ultimate resolution. While an appeal now undeniably

will halt the litigation for a time, as all interlocutory reviews do, the clarity an appeal would provide will speed the case along thereafter. Defendants note that their Rule 9(b) arguments will have to be considered if the Eleventh Circuit agrees with Relator on the original source question. This is true, but the same would be true following an appeal that comes after the retaliation claim is resolved. But in the latter scenario, the interim period will be filled with disputes about whether discovery requests, many that undeniably would be appropriate with respect to the dismissed *qui tam* claims, are appropriate for the retaliation claim alone. This inefficiency can be avoided entirely with an immediate appeal.

## CONCLUSION

For the reasons above and in Relator's opening brief, her motion under 28 U.S.C § 1292(b) should be granted. With the dismissal of the *qui tam* claims, this case is ripe for appeal. The remaining retaliation claim should not stand in the way of finding out sooner rather than later whether the dismissed fraud claims are in fact viable.

Respectfully submitted this 31st day of October, 2024.

/s/ *Julia Rickert*
Julia Rickert
Illinois Bar No. 6302842
Michael I. Kanovitz
Illinois Bar No. 6275233
Frank Newell
Illinois Bar No. 6290332
Megan Pierce
Illinois Bar No. 6336559
Loevy & Loevy
311 N. Aberdeen St., 3rd FL
Chicago, IL 60607
(312) 243-5900
(312) 243-5902 (fax)
julia@loevy.com

/s/ *Zack Greenamyre*
Zack Greenamyre
Georgia Bar No. 293002
Mitchell Shapiro Greenamyre
and Funt LLP
881 Piedmont Ave
Atlanta, Georgia 30309
(404) 812-4751
(404) 812-4740 (fax)
zack@mitchellshapiro.com

*Counsel for Relator*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), I hereby certify that this motion has been prepared in Times New Roman, 14-point font, which is one of the fonts approved by Local Rule 5.1(C).


Dated: October 31, 2024

*/s/ Julia Rickert*
Julia Rickert
Illinois Bar No. 6302842

*One of Relator's Attorneys*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the above document with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notifications of such filing to all counsel of record.

Dated: October 31, 2024

>*/s/ Julia Rickert*
>Julia Rickert
>Illinois Bar No. 6302842
>
>*One of Relator's Attorneys*